UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 22-20303-CIV-MARTINEZ-BECERRA**

DR. YANA BLAISE,

      Plaintiff,

v.

WELLS FARGO & COMPANY and
WELLS FARGO BANK NA,

      Defendants.

_____/

## ORDER ON EMERGENCY MOTION FOR TRO

**THIS CAUSE** came before the Court upon Plaintiff Dr. Yana Blaise's Emergency Motion for Temporary Restraining Order ("TRO").  (ECF No. 3).  This case concerns a dispute over Defendants' response to Dr. Blaise's receipt of a Paycheck Protection Program ("PPP") loan.

Dr. Blaise filed a verified complaint for conversion and injunctive relief.  (ECF No. 1).  As alleged, she is the sole manager of Body & Sole Wellness, LLC ("Body & Sole").  (*Id.* ¶ 9).  In response to the Covid-19 pandemic, Dr. Blaise applied for and received a PPP loan on behalf of Body & Sole from Cross River Bank ("Bank") in the amount of $29,612.50.  (*Id.* ¶¶ 10–11).  Dr. Blaise alleges that Body & Sole used the funds for approved purposes under the CARES Act and the Bank forgave the PPP loan on March 16, 2021.  (*Id.* ¶ 12).  On January 21, 2022, Defendants Wells Fargo & Company and Wells Fargo Bank NA (together, "Wells Fargo"), notified Dr. Blaise that they had frozen all of her bank accounts not associated with Body & Sole and would be closing all the accounts on February 4, 2022, due to an "unauthorized PPP loan."  (*Id.* ¶ 13).  Dr. Blaise contacted Wells Fargo to inform them that they were incorrect and demanded that her assets remain

available to her, but Wells Fargo has refused to do so.  Dr. Blaise alleges that Wells Fargo has failed to provide any explanation for their actions and her inquiry into the matter has revealed no pending lawsuits, investigations, or court order indicating that the actions taken by Wells Fargo are proper.  (*Id.* ¶¶ 16–17).

Dr. Blaise asserts two claims against Wells Fargo.  Count I, for conversion, contends that Dr. Blaise has a rightful ownership interest in seven different bank accounts, that Wells Fargo has unlawfully frozen these accounts, depriving Dr. Blaise of her ownership in her property, and that such conduct has harmed her.  (Compl. ¶¶ 18–22).  Count II, seeking injunctive relief, alleges that Dr. Blaise will suffer irreparable harm via her reputation and because Wells Fargo has not explained what will be done with her assets.  (*Id.* ¶ 24).  She further alleges that she has a clear legal right to the assets in her accounts, there is no other adequate remedy at law to prevent Wells Fargo from closing the accounts and dispersing her asserts, and that there is a clear public interest in preventing banks from unilaterally seizing assets.  (*Id.* ¶¶ 25–28).

The Court will only grant a TRO without notice to Wells Fargo—as Dr. Blaise asks this Court to do (ECF No. 7)—when (A) "specific facts in an affidavit or verified complaint *clearly show* that immediate and irreparable injury, loss, or damage will result to movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1) (emphasis added).  Indeed, *ex parte* TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) ("An *ex parte* restraining order is an extreme remedy only to be used with the utmost caution.").

2

In addition to satisfying the requirements of Rule 65(b)(1) regarding the Court's *ex parte* consideration of the TRO Motion, Dr. Blaise must establish her entitlement to a TRO by showing "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).   Notably, "[a] showing of irreparable injury is 'the sine qua non of injunctive relief.'" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).   Moreover, "[i]rrepable injury must be neither remote nor speculative, but actual and imminent" and "any injury [that] can be undone through monetary remedies, is not irreparable."  *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 504 (11th Cir. 2007) (citations omitted).   To that end, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  *Id.* (citation omitted).

Here, Dr. Blaise has not "clearly shown" that the Court should issue a TRO *ex parte*, nor has she shown an entitlement to a TRO.  First, Dr. Blaise has failed to show that she will suffer irreparable harm if the Court does not grant a TRO.   Dr. Blaise's allegations in the verified complaint are limited to economic losses and her conclusory allegation regarding reputational damage is remote and speculative.   Even if economic losses were enough to show irreparable harm—they are not—the prospect of Wells Fargo dispersing Dr. Blaise's assets also fails to satisfy the test of imminence. *SME Racks*, 243 F. App'x at 504 (concluding that the "*prospect* of depletion of the Appellees' assets" "clearly does not meet the test of imminence").

Second, Dr. Blaise's conclusory allegations fail to show a substantial likelihood of success on the merits.   There is simply no evidence supporting Dr. Blaise's contention that her PPP loan

was authorized, Wells Fargo lacks authority to freeze Dr. Blaise's accounts, or Wells Fargo even intends to proceed as Dr. Blaise asserts.  Dr. Blaise does not satisfy her burden of showing a substantial likelihood of success on the merits through conclusory allegations; therefore, the Court cannot grant her a TRO.  *See Trimble v. United States Ssa*, No. 07-cv-00508, 2008 U.S. Dist. LEXIS 140077, *8 (M.D. Fla. Jan. 18, 2020) (finding "conclusory allegation falls far short of carrying Plaintiff's burden"); *Shaw v. Hall*, No. 12-CV-135 2014 U.S. Dist. LEXIS 160315, *10 (M.D. Ga. Nov. 14, 2014) ("The Court cannot determine based solely on Plaintiff's conclusory allegations that he has a substantial likelihood of success on the merits."); *Rose v. GMAC Mortg., LLC*, 2010 U.S. Dist. LEXIS 156359, *2 (N.D. Ga. July 6, 2010) (recommending denial of TRO where "Plaintiff's motions provide cursory discussions of each element" but did not "contain[] any factual allegations which would suggest that Plaintiff has a substantial likelihood of success on the merits"), *adopted*, 2010 U.S. Dist. LEXIS 156307 (N.D. Ga. Aug. 10, 2010).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's TRO Motion, (ECF No. 3), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

4